NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LUCIANO COSTELLO, PETITIONER, v. VAN KEUREN &
SON, RESPONDENTS.

This matter comes before the court on a petition alleging increased disability of the petitioner since the last payment of compensation. It appears that petitioner, while in the employ of respondents, was injured, on February 16th, 1924, when a chimney struck him on both ankles. The accident arose out of and in the course of petitioner's employment with respondents. A petition for compensation for his injuries was filed by petitioner, to which respondents filed an answer. The matter came on for hearing before Deputy Commissioner Goas, on December 17th, 1924. After hearing the testimony adduced by both parties, Deputy Commissioner Goas awarded compensation to the petitioner for temporary disability, from February 16th, 1924, to December 13th, 1924, at the rate of $17 per week, and ordered petitioner to submit himself to medical treatment, at the expense of the respondents, by a physician to be selected by the respondents, for a reasonable length of time, with a view to affecting a complete cure of his injuries, and, further, that said respondents continue to pay said petitioner compensation for temporary disability at the rate of $17 per week, during the period of said treatments, and to pay petitioner's attorneys a counsel fee of $50.

It further appears that on May 16th, 1925, a stipulation was entered into and signed by the attorneys of the respective parties and approved by Deputy Commissioner Harry J.

Goas, to the following effect: That said petitioner be paid compensation for temporary disability for the period from February 16th, 1924, to April 22d, 1924, or sixty-one and four-sevenths weeks, at the rate of $17 per week, and compensation for permanent disability to said petitioner's right foot to the amount of twenty per cent. of the loss of use thereof, or twenty-five weeks, together with all medical expenses which had accrued to that date and that respondents pay petitioner's attorneys a counsel fee of $100.

It further appeared that on December 19th, 1925, petitioner applied for a modification of the stipulation of May 16th, 1925, and thereafter an agreement was made between the attorneys of the respective parties, by the terms of which petitioner agreed to submit himself to treatment by a physician selected by respondents, and respondents agreed to pay petitioner compensation at the rate of $17 per week, during the entire period of said treatments, at the conclusion of which it was agreed further proceedings would be taken, in accordance with said petitioner's condition as of that time; that pursuant to the said agreement, petitioner did submit himself to treatment by a physician selected by the respondents, for a period of eight weeks, when it was agreed between the parties that the time had arrived for the determination of the extent, if any, of the petitioner's additional permanent disability. On April 28th, 1926, it was agreed by and between the parties that said petitioner had not suffered any additional permanent disability. It further appears that all counsel fees and compensation hereunder above referred to, both temporary and permanent, together with all medical expenses, had been paid.

This matter came on before me on September 26th, 1927, at which time Richard Spitz represented the petitioner and Norman L. Brundage the respondents. Petitioner, by counsel's consent, was examined by Dr. Kessler, who reported that petitioner was suffering from disability, partial in character, but permanent in quality, to the extent of thirty-five per cent. to forty per cent. of the right foot; it was admitted by counsel that Dr. Kessler was of the opinion that the man's foot was

in such condition that a slight abrasion would render the condition of the foot much worse.

Dr. Vanderhoof, who had treated the petitioner since the accident, stated the man was under his care at St. Michael's Hospital, Newark, during the month of March and part of April, and that at the time of his discharge from the hospital petitioner's foot was in better condition than at any time since the accident. He further stated that at the time of petitioner's discharge from the hospital he instructed petitioner to wash the foot and that sometime after petitioner's discharge from the hospital he came to the doctor's office for examination, at which time it was clear that petitioner had not followed the doctor's instructions. Dr. Vanderhoof further stated that an abrasion or any irritation in the region of the injury would render the condition of the foot much worse, and further, that if the foot were properly cared for by the petitioner, it would become better.

I find that the petitioner was in St. Michael's Hospital for a period of four weeks and is entitled to compensation therefor. I do further find that petitioner is now suffering from disability, partial in character but permanent in quality, to the extent of thirty-five per cent. of the right foot. I desire at this time to make a liberal award to petitioner, which shall be final and conclusive, as to compensation for injuries to the right foot. In my opinion, the condition of petitioner's right foot, if properly cared for by the petitioner and protected against abrasion or irritation, would certainly not become worse. I do not think it is fair that the employer should be called upon to pay additional compensation to petitioner, when the cause of the disability is the lack of care and protection afforded to the foot by the petitioner; hence, I shall not be disposed to reopen this case in the future and for that reason I am giving the petitioner a liberal award of compensation at this time.

It is therefore ordered that respondents pay petitioner four weeks of temporary compensation at the rate of $17 per week, and additional compensation for the disability partial in character, but permanent in quality, to the extent of fifteen

per cent. of the right foot, or eighteen and three-fourths weeks at the rate of $17 per week, and it is further ordered that petitioner pay a counsel fee to his counsel in the sum of $75.

HARRY J. GOAS,
*Deputy Commissioner.*